CÁNDIDO MARRERO FERNÁNDEZ ET AL., Petitioners and Appellants, *v.* PEOPLE OF PUERTO RICO, Respondent and Appellee.

No. 4278. Argued January 13, 1931—Decided January 16, 1931.

*Agustín E. Font* for appellants.   *R. A. Gómez* for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

The prosecuting attorney for the District of Ponce, in the course of the proceedings instituted by reason of the violent and illegal death of policeman Ramón Martínez Ríos, ordered the arrest and imprisonment of Cándido Marrero Fernández, José Miranda Ortiz, José Calazán Marrero Miranda, Juan Pedro Marrero Fernández, and Pablo Pomales Marrero, and fixed at $15,000 the bail for each of the prisoners.

The prisoners applied on habeas corpus to Judge Roberto H. Todd, Jr., of the District Court of Ponce, who issued the writ and heard the petition, which was denied except as to petitioner Pomales, whose bail was reduced to $7,000. An appeal was taken from that decision to this court.

The *Fiscal* of this court partially opposed the appeal, and as regards the bail he considered that it should be fixed at $5,000 for each of the prisoners.

The appeal is based on two grounds.

It appears that at the beginning of his testimony before the prosecuting attorney, the witness, Ramón Ramos, denied having been an eyewitness to the occurrence and disclaimed all knowledge as to the same; but he afterwards testified incriminating the other persons who had been arrested, and stated that they had killed policeman Martínez and that his previous denial of having witnessed the occurrence was due

to fear caused by grave threats made to him by the persons accused.

Relying on that circumstance, the appellants contend that there was not sufficient basis for their incrimination or for ordering their arrest and depriving them of their liberty.

We have considered the evidence set out in the record and, in the light thereof, the decision appealed from must be sustained on that point. In the first place, for the purpose of a habeas corpus proceeding and in accordance with the section of the law which has been invoked, the evidence must be considered as it appears from the record; and in the second place, the witness has furnished an excuse, if not a justification, for his attitude, and stated the reasons for his former testimony.

As a second ground of appeal, it is urged that the judge erred in fixing the bail at $15,000, which is considered excessive in view of the insolvency of the petitioners, their lack of protection and of influential connections, and their helplessness.

It is true that this court in the cases of *People* v. *Pillot*, 19 P.R.R. 250, and *Marrero* v. *People*, 31 P.R.R. 852, which have been cited, held that bail should not be excessive and, in construing the term "excessive", it gave weight and importance, as elements, to the conditions and resources of the prisoner, his sex, rank and connections; but it is also true that great importance was attached to the nature of the crime, its magnitude, the penalty involved, etc. Those decisions can not be applied by taking only a part of them and disregarding the rest. Such holdings are to be taken into account to serve as guides in the proper exercise of the discretion vested in the officer who is to fix the bail.

In a case like the one at bar and taking into account all the circumstances, the amount of five thousand dollars as bail for each prisoner would be adequate. The order appealed from must be modified accordingly and, as modified, affirmed.

Mr. Justice Hutchison dissented as to the amount of bail, which in his opinion should be $5,000 in the case of Cándido Marrero, and $2,000 in the case of each of the other defendants.